IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Anthony Lamar Fishburne,⠀⠀⠀⠀⠀⠀) ⠀⠀C/A No. 6:14-3572-TMC-JDA
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) REPORT AND RECOMMENDATION
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Sarah L. Hamilton, *SC DSS Child Support* )
*Specialist*,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀)
_____ )

⠀⠀⠀⠀Anthony Lamar Fishburne ("Plaintiff"), proceeding pro se, brings this action for violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

<u>Background</u>

⠀⠀⠀⠀Plaintiff alleges that on August 12, 2013, while he attended a conference at the Greenville County Family Court, his caseworker Sarah L. Hamilton, SC DSS Child Support Specialist ("Defendant") was fully aware of his medical condition—epilepsy—and she disclosed his confidential medical records to two parties without his written or verbal consent. [Doc. 1 at 3; Doc. 1-1 at 2.] The two parties allegedly are mothers of his children, and they each had a separate action pending in the family court. [Doc. 1-1 at 16, 18.] He alleges that the disclosure of his confidential information occurred during a child support enforcement hearing, and Defendant acted negligently in disclosing his private information.

[Doc. 1 at 3.]  He alleges that Defendant violated the federal law known as HIPPA (the Health Insurance Portability and Accountability Act of 1996).[1]  [*Id*.]

Plaintiff further alleges that on the same date, August 12, 2013, in the family court conference room, Defendant refused to make an accommodation for his disability which resulted in his being subjected to a "disparging (sic) situation"; thus, as he tried to leave the conference room he had a seizure and fell causing trauma and injury to his right knee. [Doc. 1 at 4.] Specifically, he contends that Defendant brought him and two different mothers of his children into the same family court conference room for a negotiation. [Doc. 1-1 at 16, 18.] He advised Defendant that he did not want to be in same room with those women because the two cases were separate and he could not be subjected to stressful situations because that could cause epileptic seizures. [*Id*.; Doc. 1 at 4.] Plaintiff contends that Defendant's misconduct violated Title II of the Americans with Disabilities Act ("ADA") because she refused to make a reasonable accommodation for his disability.  [Doc. 1 at 4.]

For his relief, Plaintiff seeks "financial relief," liberally construed as money damages. [*Id*. at 5.] He requests money damages to compensate him for the ADA violation, HIPPA violation, and for pain and emotional distress.  [*Id*.]

<u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and

---

1) It appears that the public and courts use the acronym "HIPPA" and "HIPAA" interchangeably.  *Stigall v. Univ. of Ky. Hosp.*, No. 5:09-CV-00224-KSF, 2009 WL 3739385, *2 n.1 (E.D.Ky. Nov. 6, 2009).

submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v.*

*McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's action should be dismissed because he does not plausibly allege that a right secured by the Constitution or laws of the United States was violated or that he is authorized to bring this action. The federal law known as HIPAA (the Health Insurance Portability and Accountability Act of 1996) does not provide for a private cause of action by an individual who asserts a violation of that rule or law. The HIPAA law governs "confidentiality of medical records and regulates how 'covered entities' can use or disclose 'individually identifiable health (medical) information (in whatever form) concerning an individual.'" *White v. Brand*, No. 2:08-CV-255, 2009 WL 2105993, *2 (E.D.Tenn. July 13, 2009) (citing provisions of the Code of Federal Regulations). The HIPPA regulations "do not confer a private right of action on an individual." *Id.*; *see also Suggs v. North Strand OB/GYN*, No. 07-3911-TLW-TER, 2009 WL 113445, *5 (D.S.C. Jan. 14, 2009); *Williams v. Jones*, No. 9:07-CV-3437-MBS-GCK, 2008 WL 948285, *5 (D.S.C. April 4, 2008) (finding that Plaintiff cannot file a § 1983 claim based upon a violation of HIPAA); *Hopkins v. Bethea*, No. 3:06-3467-MBS-JRM, 2007 WL 1231652, *5 (D.S.C. April 23, 2007) (finding that Plaintiff's allegation of a HIPAA violation did not create federal question jurisdiction in

this Court).  The remedy for an alleged HIPPA violation "is to lodge a written complaint with the Secretary of Health and Human Services, through the Office of Civil Rights, who has the discretion to investigate the complaint and impose sanctions."  *White v. Brand*, No. 2:08-CV-255, 2009 WL 2105993, *2 (E.D.Tenn. July 13, 2009).  Therefore, Plaintiff fails to state a cognizable claim against Defendant based upon a violation of HIPAA.

Moreover, Plaintiff does not allege a plausible claim for violation of the ADA.  His claim is pursuant to Title II of the ADA, the public services subchapter, 42 U.S.C. § 12131, which prohibits discrimination on the basis of disability in the provision of programs, activities, and services of public entities, or otherwise be subjected to discrimination by a public entity.  *Seremeth v. Bd. of Cnty. Comm. Frederick Cnty.*, 673 F.3d 333, 336 (4th Cir. 2012).  "'Discrimination' includes 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'"  *Id*.  In the instant case, even if the South Carolina and Greenville County Department of Social Services are considered public entities subject to suit pursuant to Title II of the ADA, an individual in her individual capacity is not subject to suit under Title II of the ADA.  *See Carter v. Capell*, C/A No. 3:13-586-TLW, 2014 WL 197756, at *4 (D.S.C. Jan. 16, 2014); *Montez v. Romer*, 32 F. Supp. 2d 1235, 1240–41 (D. Colo. 1999).  Because the Complaint reveals that Plaintiff brings suit against Defendant, an individual, in her individual capacity,[2] he fails to state a claim upon which relief may be granted pursuant to Title II of the ADA.

Lastly, several times in the Complaint, Plaintiff alleges that Defendant was negligent and should be liable for his injuries.  However, negligence, in general, is not actionable

---

2) Defendant is not alleged to be the head of or official representative of a public entity.

under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

September 16, 2014
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).